THE STATE, EX REL. TOLEDO BLADE COMPANY, *v.* CITY OF NORTHWOOD ET AL.

[Cite as State, ex rel. Toledo Blade Co., *v.* Northwood (1991), 58 Ohio St. 3d 213.]

(No. 89-1982—Submitted December 18, 1990—Decided April 3, 1991.)

In April 1990, the Blade moved for an award of attorney fees in the amount of $4,309.75. The respondents filed a memorandum in opposition.

*Fritz Byers* and *Robert Z. Kaplan,* for relator.

*Patricia A. Crowley,* for respondents.

*Per Curiam.* The complaint in mandamus is dismissed as being moot.

As to the issue of awarding reasonable attorney fees, the Blade contends that it is entitled to such an award pursuant to R.C. 149.43(C). We disagree.

R.C. 149.43(C) provides, in part:

"If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to him for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for it to make a copy available to him in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action. * * *"

In *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443, we determined that R.C. 149.43(C) does not require the award of attorney fees but makes such an award discretionary. We do not believe, however, that our discretion to make such an award extends to mandamus actions rendered moot by the voluntary production of a record, as here.

R.C. 149.43(C) permits an allegedly aggrieved person to commence a mandamus action "to obtain a judgment" that orders the production of a public record *and* that awards reasonable attorney fees. We do not construe this language to merely state the obvious: that actions are commenced to obtain judgments. Rather, we construe the phrase as limiting the circumstances in which a party may apply for an award of attorney fees to those in which a judgment ordering the production of a public record is obtained.

Also, we believe that to construe R.C. 149.43(C) as permitting an award of attorney fees even when a record has been volunteered would discourage record production once a mandamus action has been commenced. Such a result is clearly at odds with the policy behind the Public Records Act.

Because R.C. 149.43(C) does not contemplate an award of attorney fees in mandamus actions rendered moot by the voluntary production of a record, the Blade's motion is denied.

> *Motion denied and complaint dismissed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., separately dissent.

DOUGLAS, J., dissenting. Once again, we have the opportunity to follow the dictates of the General Assembly by putting teeth into R.C. 149.43(C)—and, once again, we fail to do so. The statute does not require that a judgment "be obtained" before an award of attorney fees is appropriate. The statute says the action to secure release of public records may be commenced "* * * *to obtain* a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section *and that awards* reasonable attorney's fees to the person that *instituted* the mandamus action. * * *" (Emphasis added.) The use of the words "to obtain" and "instituted" does not in any way mandate or contemplate a denial of fees because a case is settled by release of the records sought. In fact, if the words are to be interpreted correctly, an opposite conclusion must be reached based just on the common use and understanding of the words.

If the majority is correct in its application of R.C. 149.43(C), then an offending party can frustrate the release of public records up to the moment of final judgment ordering release of the records and, by then releasing the records, can do so with impunity. How this furthers the public policy promulgated by the General Assembly escapes me.

With regard to the question of whether appropriate attorney fees are discretionary or mandatory, I adhere to my position that such fees are mandated by R.C. 149.43(C), the same as I have previously expressed in a number of public records cases including *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 112-114, 529 N.E. 2d 443, 447-448 (Douglas, J., concurring in part and dissenting in part).

Relator's motion for an award of attorney fees should be granted.

ALICE ROBIE RESNICK, J., dissenting. I must dissent from the holding of the majority that "R.C. 149.43(C) does not contemplate an award of attorney fees in mandamus actions rendered moot by the voluntary production of a record." Such a holding will not encourage a spirit of cooperation. Quite the contrary, a holder of public records can now avoid an award of attorney fees against it by simply providing the requested document prior to an adverse judgment being entered in a mandamus action.

There is nothing in R.C. 149.43(C) which indicates that attorney fees should not be granted in a case which has been rendered moot and consequently dismissed prior to judgment. Rather, the allowance of attorney fees is discretionary. The facts of each case must be taken into consideration as to whether attorney fees should be granted. Upon a consideration of the facts of this case, it should have been readily apparent to the city of Northwood that the requested documents were public records and should have been disclosed pursuant to R.C. 149.43. The failure to disclose them forthwith caused considerable time and money to be expended by the relator. This was unnecessary and attorney fees should be granted.