DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on relator, Scott Fitz's "complaint in mandamus." Respondent, David Cope, has filed a response.
 {¶ 2} In October 2003, relator, pursuant to R.C. 149.43, requested respondent to produce the log book for the breathalyzer machine that was used to gather evidence for relator's driving under the influence charge. When respondent refused to provide a copy of the log book to relator, relator filed a complaint in mandamus seeking an order from this court compelling respondent to supply relator with a copy of the requested log book. It is undisputed that after relator filed this complaint in mandamus, respondent offered copies of the log book to respondent. The issue of the log book is now moot. Respondent, however, now seeks an order from this court compelling respondent to pay relator's attorney fees.
 {¶ 3} R.C. 149.43(C) provides: "If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for it to make a copy available to the person in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney fees to the person that instituted the mandamus action."
 {¶ 4} A relator may be entitled to attorney fees even if the mandamus action becomes moot. Under State ex rel. Pennington v.Gundler, 75 Ohio St.3d 171, syllabus, "[A] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." A proper request for public records is one that has merit. State ex rel. Dillery v. Icsman, LawDir., et al. (2001), 92 Ohio St.3d 312.
 {¶ 5} "Awarding attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered." State ex rel. Beacon Journal Publishing Co. v.Maurer (2001), 91 Ohio St.3d 54, 57, citation omitted.
 {¶ 6} Even assuming arguendo that relator has made a proper public records request in this case, relator is not entitled to attorney fees pursuant to R.C 149.43. The documents relator seeks are specific to his case and can only be of benefit to him. As no public benefit will be conferred through the disclosure of these documents, this court declines to award relator attorney fees. Relator's request for a writ of mandamus is denied. Costs to relator.
Writ Denied.
Knepper, J., Pietrykowski, J. and Singer, J. Concur.