ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Tamika N. Fields commenced this public records mandamus action, pursuant to R.C. 149.43, against Bill Cervenik, the Mayor and Public Safety Director of Euclid, Ohio, to compel the disclosure and release of "all original police incident forms, reports and other documents relating to the June 16th robbery at the Marc's Store, located at 22840 Lakeshore Blvd., in Euclid, Ohio, * * * and subsequent arrest of David Rawls, which were compiled by the Euclid Police Department during the time period of June 16th 1996 until December 1996." Cervenik has filed a motion for summary judgment, which we grant in part, for the following reasons.
FACTS
 {¶ 2} On July 21, 2005, Fields mailed a letter to Cervenik and requested a copy of all original police incident forms, reports, and other documents which the Euclid Police Dept. compiled, relating to the robbery that occurred on June 16, 1996, at the Marc's store located in Euclid, Ohio. In response, Cervenik provided Fields with a six-page copy of the police incident report relating to the robbery. On July 28, 2005, Fields sent a second letter to Cervenik, and once again requested a copy of all police reports and documents compiled by the police with regard to the Marc's store robbery. Through the Euclid Law Department, Cervenik declined to provide any additional police forms, reports, or other documents compiled by the Euclid police. Cervenik claimed that all undisclosed documents constituted police investigatory work product and trial preparation records, which were exempt from disclosure under R.C. 149.43.
 {¶ 3} On August 17, 2005, Fields filed her complaint for a writ of mandamus and on August, 31, 2005, she filed an amended complaint for a writ of mandamus. On October 3, 2005, Cervenik filed a motion for summary judgment and Fields filed a brief in opposition. This court ordered Cervenik to provide under seal, for the purpose of an in-camera inspection, "copies of all police incident forms, reports and any other documents that were compiled by the Euclid Police Dept." with regard to the June 16, 1996, robbery of the Marc's store. On December 22, 2005, Cervenik filed, under seal, copies of the documents compiled by the police with regard to the Marc's store robbery.
Legal Analysis
 {¶ 4} In order for this court to render a decision with regard to the complaint for a writ of mandamus, we must decide the following: (1) whether Fields' request for public records has been fulfilled; and (2) whether the documents produced under seal are public records or exempt from disclosure. In order for this court to issue a writ of mandamus, Fields must establish that: (1) Fields possesses a clear legal right to the requested relief; (2) Cervenik possesses a clear legal duty to perform the requested act; and (3) Fields possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Bergerv. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225. It must also be noted that a motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. The moving party must delineate with specificity the portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264. Specifically, the party moving for summary judgment must satisfy a three-part test: (1) there exists no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to one conclusion which is adverse to the party opposed to the motion for summary judgment. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46.
 {¶ 5} In the case sub judice, Fields argues that all documents held by the Euclid police with regard to the Marc's store robbery are public records subject to immediate release. Cervenik argues that the documents that are public records have been released and that the remaining documents are exempt from disclosure since they constitute confidential law enforcement records pursuant to R.C. 149.43(A)(1)(h) and R.C. 149.43(A)(2).
 {¶ 6} Examining the issue of confidential law-enforcement records, The Supreme Court of Ohio held that:
The court of appeals denied the writ of mandamus for records and parts of records that it determined to be confidential law-enforcement investigatory records. R.C. 149.43(A)(1)(h) excepts "[c]onfidential law enforcement investigatory records" from the definition of "[p]ublic record" for purposes of the Public Record Act. R.C. 149.43(A)(2) defines "[c]onfidential law enforcement record" as "any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of" any of the types of information set forth in subsections a, b, c, and d.
We have recognized that "we employ a two-step test to determine whether a record is exempt as a confidential law-enforcement record under R.C. 149.43:
"`First, is the record a confidential law enforcement record? Second, would release of the record `create a high probability of disclosure' of any of the four kinds of information specified in R.C. 149.43(A)(2)?'" State ex rel. Beacon Journal Publishing Co.v. Maurer (2001), 91 Ohio St.3d 54, 56, 741 N.E.2d 511; quotingState ex rel. Polovischak v. Mayfield (1990), 50 Ohio St.3d 51,52, 552 N.E.2d 635.
State ex rel. Musial v. N. Olmsted, 106 Ohio St.3d 459, 2005-Ohio 5521, at ¶ 17.
 {¶ 7} For purposes of the Public Records Act, this court has examined the issue of confidential law-enforcement investigatory records. Concluding that the records relator requested were not public records, this court explained:
* * * the records he seeks are not public records. R.C.149.43(A)(1)(g) and (h) define public records as not including trial preparation records and confidential law enforcement investigatory records. Subsection (A)(2)(c) further defines confidential law investigatory records as including "Specific confidential investigatory techniques or procedures or specific work product."
In State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, 639 N.E.2d 83, the Supreme Court of Ohio radically reshaped Ohio's public record law by declaring that almost all police investigatory records are exempt from disclosure. In Paragraph five of the Syllabus, the court ruled: Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. The Supreme Court further held that only routine offense and incident reports, such as records relating to a charge of driving under the influence are subject to disclosure.
In Steckman the court explicitly examined the requests of Ronald Larkins in which he sought from the police all records, including investigative records relating to a murder case which had already been litigated through trial and appeal. This is essentially the same as Mr. Perry's request in the instant case. Applying the new rule the court held that "the records sought by appellant are exempt from disclosure based upon the work product exception of R.C. 149.43(A)(2)(c)." 70 Ohio St.3d at 437.
Mr. Perry seeks investigative reports, witness statements, evidentiary reports and scientific reports. These are substantive work product and do not include the routine offense or incident report. Therefore, the entirety of his request consists of records which are exempt from disclosure.
Perry v. Onunwor (Dec. 7, 2000), Cuyahoga App. No. 78398, at 4.
In-Camera Inspection of Sealed Documents
 {¶ 8} Guided by the principles established in Musial,Steckman, Perry, and their progeny, we have conducted an in-camera inspection of the documents provided under seal and find the following:
 {¶ 9} (1) Doc. 1(A): envelope addressed to Euclid Police Dept. with handwritten name of victim. Document is exempt because it is a medical record (R.C. 149.43((A)(1)(a)) and discloses identity of victim/witness (R.C. 149.43(A)(2)(A));
 {¶ 10} (2) Doc. 1(B): doctor's report. Document is exempt because it is a medical record (R.C. 149.43((A)(1)(a)) and discloses identity of victim/witness (R.C. 149.43(A)(2)(A));
 {¶ 11} (3) Doc. 1(C): medical record release form completed by victim. Document is exempt because it is a medical record (R.C. 149.43((A)(1)(a)) and discloses identity of victim/witness (R.C. 149.43(A)(2)(A));
 {¶ 12} (4) Doc. 1(D): hospital emergency room admission form. Document is exempt because it is a medical record (R.C.149.43(A)(1)(a)) and discloses identity of victim/witness (R.C.149.43(A)(2)(A));
 {¶ 13} (5) Doc. 1(E): hospital emergency department physician chart. Document is exempt because it is a medical record (R.C.149.43(A)(1)(a)) and discloses identity of victim/witness (R.C.149.43(A)(2)(A));
 {¶ 14} (6) Doc. 1(F): hospital discharge instructions. Document is exempt because it is a medical record (R.C.149.43(A)(1)(a)) and discloses identity of victim/witness (R.C.149.43(A)(2)(A));
 {¶ 15} (7) Doc. 1(G): hospital nursing assessment. Document is exempt because it is a medical record (R.C. 149.43(A)(1)(a)) and discloses identity of victim/witness (R.C. 149.43(A)(2)(A));
 {¶ 16} (8) Doc. 2: personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 17} (9) Doc. 3(A): photograph identification sheet. Document is not exempt under any exception;
 {¶ 18} (10) Doc. 3(B): photographs of crime scene. Photographs are not exempt under any exception;
 {¶ 19} (11) Doc. 3(C): photographs of crime scene. Photographs are not exempt under any exception;
 {¶ 20} (12) Doc. 3(D): photographs of crime scene. Photographs are not exempt under any exception;
 {¶ 21} (13) Doc. 3(E): photograph of crime scene. Photograph is not exempt under any exception;
 {¶ 22} (14) Doc. 4(A, B, C, D, E, F): Euclid Police Dept. supplementary report and personal notes of a Euclid police officer. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 23} (15) Doc. 5(A): property receipt. Document is not exempt under any exception;
 {¶ 24} (16) Doc. 5(B): business cards seized from David Rawls upon his arrest. Documents are not exempt under any exception;
 {¶ 25} (17) Doc. 5(C): business card seized from David Rawls upon his arrest. Document is not exempt under any exception;
 {¶ 26} (18) Doc. 6: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), the identity of witness-promised confidentiality (R.C. 149.43(A)(2)(a)), and information which would endanger physical safety of a witness/confidential information source (R.C. 149.43(A)(2)(d));
 {¶ 27} (19) Doc. 7(A, B): Euclid Police Dept. prisoner admittance and release forms. Documents not exempt under any exception;
 {¶ 28} (20) Doc. 8: envelope addressed to Cuyahoga County Assistant Prosecutor. Document is not exempt under any exception;
 {¶ 29} (21) Doc. 9: receipt for towing of motor vehicle. Document is not exempt under any exception;
 {¶ 30} (22) Doc. 10: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 31} (23) Doc. 11: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 32} (24) Doc. 12 (A, B): Euclid Police Dept. supplementary report. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 33} (25) Doc. 13: consent to search form as executed by Celeste Shepard. Document is not exempt under any exception;
 {¶ 34} (26) Doc. 14 (A, B): Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 35} (27) Doc. 15: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 36} (28) Doc. 16 (A, B, C, D, E, F): forms completed by Euclid Police Dept. for bindover to Cuyahoga County Grand Jury. Documents are not exempt under any exception;
 {¶ 37} (29) Doc. 17 (A, B, C, D, E): reports of David Rawls_ prior criminal history. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 38} (30) Doc. 18 (A, B, C): list of names and addresses compiled by the Euclid Police Dept. during the robbery investigation. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 39} (31) Doc. 19 (A, B, C, D, E): reports of prior criminal history of various individuals. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 40} (32) Doc. 20 (A, B): reports of prior criminal history of various individuals. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 41} (33) Doc. 21 (A, B, C): reports of prior criminal history of various individuals. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 42} (34) Doc. 22 (A, B, C, D): reports of prior criminal history of various individuals. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 43} (35) Doc. 23: personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques or procedures/specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 44} (36) Doc. 24 (A, B): list of names and addresses compiled by the Euclid Police Dept. during the robbery investigation and personal notes of a Euclid police officer. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 45} (37) Doc. 25: wanted poster created by the Euclid Police Dept. Document is not exempt under any exception;
 {¶ 46} (38) Doc. 26 (A, B): personal notes of a Euclid police officer. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 47} (39) Doc. 27: report of prior criminal history of David Rawls. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and its release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C.109.57(D));
 {¶ 48} (40) Doc. 28: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 49} (41) Doc. 29: report of prior criminal history of an individual. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and its release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C.109.57(D));
 {¶ 50} (42) Doc. 30: arrest warrant for David Rawls. Document is not exempt under any exception;
 {¶ 51} (43) Doc. 31 (A, B, C, D, E, F): Euclid Police Dept. incident report. Documents are not exempt under any exception;
 {¶ 52} (44) Doc. 31 (G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB): Euclid Police Dept. supplementary reports. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 53} (45) Doc. 31 (CC): personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 54} (46) Doc. 31 (DD): list of names and addresses compiled by the Euclid Police Dept. during the robbery investigation. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 55} (47) Doc. 31 (EE): Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 56} (48) Doc. 31 (FF): wanted poster created by the Euclid Police Dept. Document is not exempt under any exception;
 {¶ 57} (49) Doc. 31 (GG): arrest warrant for David Rawls. Document is not exempt under any exception;
 {¶ 58} (50) Doc. 32: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 59} (51) Doc. 33: Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 60} (52) Doc. 34 (A, B): personal history of David Rawls. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 61} (53) Doc. 35: personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques or procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 62} (54) Doc. 36 (A, B, C): report of prior criminal history of David Rawls. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D));
 {¶ 63} (55) Doc. 37 (A, B, C): report of prior criminal history of David Rawls. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D)), and they also disclosed the personal notes of a Euclid police officer (R.C.149.43(A)(2)(c));
 {¶ 64} (56) Doc. 38 (A, B): report of prior criminal history of David Rawls. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)), and their release is prohibited by state law (R.C. 149.43(A)(1)(v) and R.C. 109.57(D)), and they also disclose the personal notes of a Euclid police officer (R.C. 149.43(A)(2)(c));
 {¶ 65} (57) Doc. 39: list of individuals used in photographic lineup. Document is not exempt under any exception;
 {¶ 66} (58) Doc. 40 (A, B): witness statement taken during the course of the robbery investigation. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 67} (59) Doc. 41 (A, B): witness statement taken during the course of the robbery investigation. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 68} (60) Doc. 42 (A, B, C): witness statement taken during the course of the robbery investigation. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 69} (61) Doc. 43 (A, B, C, D, E, F): search warrant and sworn affidavit. Documents are not exempt under any exception;
 {¶ 70} (62) Doc. 44 (A, B): Euclid Police Dept. incident report. Documents are not exempt under any exception;
 {¶ 71} (63) Doc. 45: search warrant inventory sheet. Document is not exempt under any exception;
 {¶ 72} (64) Doc. 46: letter from Ameritech to Euclid Police Dept. concerning subpoena for phone records. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 73} (65) Doc. 47(A): authorization of release of information form. Document is not exempt under any exception;
 {¶ 74} (66) Doc. 47(B): personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 75} (67) Doc. 48: list of phone calls and telephone numbers obtained by the Euclid Police Dept. from Ameritech. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 76} (68) Doc. 49: list of phone calls and telephone numbers obtained by the Euclid Police Dept. from Ameritech. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 77} (69) Doc. 50 (A, B): Euclid Police Dept. supplementary reports. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 78} (70) Doc. 51: personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 79} (71) Doc. 52: evidence/property report completed after the arrest of David Rawls. Document is not exempt under any exception;
 {¶ 80} (72) Doc. 53 (A, B, C): subpoena for Ameritech phone record requested by the Euclid Police Dept. Document is not exempt under and exception;
 {¶ 81} (73) Doc. 54 (A): Euclid Police Dept. supplementary report. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 82} (74) Doc. 54 (B): personal notes of a Euclid police officer. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 83} (75) Doc. 55 (A, B): personal notes of a Euclid police officer. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 84} (76) Doc. 56 (A, B): map edited by a Euclid police officer and personal notes of a Euclid police officer. Documents are exempt because they disclose specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 85} (77) Doc. 57: three business cards. Document is not exempt under any exception;
 {¶ 86} (78) Doc. 58 (A, B, C, D, E, F, G): search warrant, sworn affidavit, and inventory sheet. Documents are not exempt under any exception;
 {¶ 87} (79) Doc. 59: picture of David Rawls. Document is not exempt under any exception;
 {¶ 88} (80) Doc. 60: search warrant return form. Document is not exempt under any exception;
 {¶ 89} (81) Doc. 61: pay stub seized from David Rawls. Document is not exempt under any exception;
 {¶ 90} (82) Doc. 62 (A, B): Euclid Police Dept. incident report. Document is not exempt under any exception;
 {¶ 91} (83) Doc. 63: subpoena issued by Cuyahoga County Prosecutor. Document is not exempt under any exception;
 {¶ 92} (84) Doc. 64: search warrant return form. Document is not exempt under any exception;
 {¶ 93} (85) Doc. 65: copy of business card. Document is not exempt under any exception;
 {¶ 94} (86) Doc. 66: copy of sales receipt. Document is not exempt under any exception;
 {¶ 95} (87) Doc. 67: copy of sales receipt. Document is not exempt under any exception;
 {¶ 96} (88) Doc. 68: copy of business card. Document is not exempt under any exception;
 {¶ 97} (89) Doc. 69: copy of sales receipts. Document is not exempt under any exception;
 {¶ 98} (90) Doc. 70 (A): letter from Ameritech to Euclid Police Dept. concerning subpoena for phone records. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c));
 {¶ 99} (91) Doc. 70 (B): list of phone calls and telephone numbers obtained by the Euclid Police Dept. from Ameritech. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)); and
 {¶ 100} (92) Doc. 70(C): list of phone calls and telephone numbers obtained by the Euclid Police Dept. from Ameritech. Document is exempt because it discloses specific confidential investigatory techniques/procedures or specific investigatory work product (R.C. 149.43(A)(2)(c)).
 {¶ 101} As a result of our review of the documents provided under seal, we find that the following documents are not exempt under any exception, as provided in R.C. 149.43, and must be immediately provided to Fields: 3(A); 3(B); 3(C); 3(D); 3(E); 5(A); 5(B); 5(C); 7(A); 7(B); 8; 9; 13; 16(A); 16(B); 16 (C); 16 (D); 16(E); 16(F); 25; 30; 31(A); 31(B); 31(C); 31(D); 31(E); 31(F); 31(FF); 31(GG); 39; 43(A); 43(B); 43(C); 43(D); 43(E); 43(F); 44(A); 44(B); 45; 47(A); 52; 53(A); 53(B); 53(C); 57; 58(A); 58(B); 58(C); 58(D); 58(E); 58(F); 58(G); 59; 60; 61; 62(A); 62(B); 63; 64; 65; 66; 67; 68; and 69.
Attorney Fees
 {¶ 102} Finally, we find that Fields is not entitled to attorney fees. This court will not award attorney fees when the request for records is largely meritless. State ex rel. Musialv. N. Olmsted, supra. See, also, State ex rel. Cranford v.Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218;State ex rel. Nix v. Cleveland (1998), 83 Ohio st.3d 379,700 N.E.2d 12.
Conclusion
 {¶ 103} Accordingly, we grant Cervenik's motion for summary judgment in part and issue a writ of mandamus, in part, on behalf of Fields. Cervenik is ordered to immediately deliver to Fields the following: a copy of any document provided to this court under seal and determined to be a public record. The Clerk of the Eighth District Court of Appeals is ordered to reseal all remaining exempted records, as originally provided under seal, and to return the sealed records to Cervenik after sixty (60) days of the date of this judgment. Costs to be equally shared by the parties. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ granted in part and denied in part.
COLLEEN CONWAY COONEY, P.J., CONCURS MICHAEL J. CORRIGAN, J.,CONCURS