JOURNAL ENTRY AND OPINION
{¶ 1} The relator, Lula White, commenced this public record mandamus action against the respondent, the Public Safety Director of the City of Cleveland, to compel him to release, pursuant to R.C. 149.43, the original police incident forms, reports and other documents relating to the sexual molestation of eight children by David Spencer between August 1994 and March 1995. The respondent then released to White fifty-three records with redactions and moved to dismiss on the grounds of mootness. White opposed the motion to dismiss, inter alia, on the grounds that the redactions were improper and rendered the records unreadable and that the copying was poorly done. She did not, however, claim that there were missing records or what those records might be. As part of her objections, she attached copies of the redacted records which were sent to her.
 {¶ 2} Because the respondent's dispositive motion relied upon matters outside the pleadings, this court converted the motion to dismiss to a motion for summary judgment and ordered an in camera inspection of the records. Pursuant to this order, the respondent submitted under seal copies of the records with and without redactions. He also filed a memorandum in support of the redactions. White did not further dispute the matter, but relied on her earlier objections. The court has conducted the in camera inspection and for the following reasons, grants the motion for summary judgment and denies the application for a writ of mandamus.
 {¶ 3} In addition to the incident reports, the respondent released statement receipt forms, witness statements, supplementary reports, case information forms, hospital release forms, Cleveland Municipal Court complaint forms, Cleveland Municipal Court probable cause determination forms, witness subpoena sheets and booking cards. In State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, the Supreme Court of Ohio held that "information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C.149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. The work product exception does not include ongoing routine offense and incident reports * * *. Routine offense and incident reports are subject to immediate release upon request." Paragraph five of the syllabus. Thus, the court concludes that the respondent was not required to disclose many of the records he did, especially the witness statements and supplementary reports. Although once a record is disclosed, the government waives the exemption that would have allowed it to keep the record classified. Nevertheless, it may redact otherwise exempt information. See, also, State ex rel. Fields v. Cervenik, Cuyahoga App. No. 86889, 2006-Ohio-3969 and State ex rel. Cleveland PolicePatrolmen's Association v. City of Cleveland (Jan. 27, 1998), Cuyahoga App. No. 72298 — police investigatory records retain their exempt status despite the passage of time until all legal proceedings are fully completed.
 {¶ 4} In State ex rel. National Broadcasting Company, Inc.v. City of Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, (NBC I), the Supreme Court of Ohio established broad rules for effecting R.C. 149.43. The government has the duty to disclose public records, including the parts of a record which do not come within an exemption. Thus, if only part of a record is exempt, the government may redact the exempt part and release the rest. Moreover, the government has the burden of proving that the records or redacted parts are exempt from disclosure. If the status of a record is disputed, the record must be submitted to the court for in camera inspection. The court is to resolve all doubts in favor of disclosure. State ex rel. Broom v. City ofCleveland (Aug. 27, 1992), Cuyahoga App. No. 59571.
 {¶ 5} After conducting the in camera inspection, the court concludes that the redactions are proper. Most of the redactions made were identifying information of the molested children, their names, addresses, telephone numbers, birth dates, ages, address of the incidents, their parents' and siblings' names, and words identifying their relationships to other people mentioned in the record, such as mother, father, son, daughter, sister and brother. In State ex rel. Beacon Journal Publishing Co. v. Cityof Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, the court held that R.C. 2151.421(H) excepted personal information concerning abused children from disclosure. At the very least, this would include identifying information concerning the abused children and their parents. This court finds that the redactions made in the instant case properly fit within this exception.
 {¶ 6} R.C. 2151.421(H) also exempts from disclosure any report made under that section, as well as any information that identifies the person who made the report. Thus, Department of Children and Family Service reports of child abuse and neglect and their authors are exempt from disclosure. In BeaconJournal, the Supreme Court clarified the scope of the exemption: to the extent that the police reports concerning incidents of child abuse refer to the reports made under R.C. 2151.421, the police may redact those portions of their reports. This court finds that the respondent carefully redacted the references to reports made under R.C. 2151.421, e.g., records 3, 10, 15, 21, 22, and 23.
 {¶ 7} In record 12, the respondent redacted the criminal records of two individuals who were not the perpetrator of the subject crimes. These redactions were proper under R.C.149.43(A)(1)(v), records the release of which is prohibited by state and federal law, and R.C. 109.57 (A) and (D), which provide that the superintendent of the bureau of criminal identification and investigation shall assemble certain information on convicted criminals, and the record of such information is not a public record under R.C. 149.43.
 {¶ 8} Moreover, the courts have long recognized that Social Security numbers are exempt from disclosure under R.C.149.43(A)(1)(v) and the right to privacy. The respondent accordingly redacted all Social Security numbers. State ex rel.Beacon Journal Publishing Co. v. Akron (1994),70 Ohio St.3d 605, 640 N.E.2d 164; Broom; and State ex rel. Munici v. Kovacic
(June 15, 1994), Cuyahoga App. No. 64818.
 {¶ 9} White also complains that the redactions and poor copying rendered the copies unreadable. For example, in "whiting out" certain information, the "white out" spread too far and eliminated all or parts of other words which were not intended to be redacted. White also complains that the copying blurred too many lines and was not exact enough so that the left and right margins and the top and bottom lines were not always included. These arguments are meritless. In examining all the records submitted — the records White attached to her brief, and the unredacted and redacted copies submitted under seal — the court had no problem in reading the contents. Indeed, some of the copies White submitted were better than the redacted records submitted under seal. Any degrading in copying or redacting was de minimus.
 {¶ 10} Similarly, in conducting the in camera inspection the court noted that there may have been some inconsistent redactions, e.g., an apartment number may not have been redacted or not all relationship words like "daughter" were redacted. To impose on the respondent a waiver for those redactions and force another round of redacting would risk compromising the important principles of confidentiality for child abuse victims that the General Assembly and Supreme Court have fashioned. Indeed, any discrepancies among the original records, the redacted records, and R.C. 149.43 are de minimus.
 {¶ 11} In conclusion, the court denies the application for a writ of mandamus. The respondent conscientiously redacted the records to comply with R.C. 149.43 and its common law interpretations. Because the parties have the right to appeal from this judgment and because public records pose unique problems, it is important that the confidentiality of the records be preserved. Accordingly, this court will reseal the records respondent submitted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Blackmon, P.J., and Cooney, J., concur.