The STATE ex rel. PARKER, Relator,

v.

LUCAS COUNTY DEPARTMENT OF JOB AND
FAMILY SERVICES et al., Respondents.

[Cite as *State ex rel. Parker v. Lucas Cty. Job & Family
Servs.,* 176 Ohio App.3d 715, 2008-Ohio-3274.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1399.

Decided June 26, 2008.

Thomas A. Sobecki, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Maureen O. Atkins, Assistant Prosecuting Attorneys, for respondents.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This original action in mandamus is before the court on merit briefs filed by relator, Patricia Parker, and respondents Lucas County Department of Job & Family Services ("LCDJFS") and Deborah Ortiz, Director of LCDJFS.

{¶ 2} In her December 5, 2007 complaint, relator requested that this court compel respondents to provide copies of attendance records of students who attended computer training under the supervision of relator and employees of her company Horizons Computer Training and Employability Center, L.C.C. ("Hori-

zons"), alleged complaints directed against teachers and relator, other documents relating to the alleged improper conduct of relator, and internal operating policies. In their answer, respondents asserted various defenses, including the defense that relator's claims are barred by various statutory provisions and res judicata and/or collateral estoppel and that relator has already received all the documents to which she is entitled. The parties, rather than filing motions for summary judgment, opted to submit the case on the briefs for a determination on the merits. See 6th Dist. Loc.App.R. 6.

{¶ 3} The following facts were adduced from the pleadings and briefs of the parties. In 2004, Horizons was awarded two contracts with LCDJFS to provide computer training classes for its clients. Throughout 2004 and 2005, respondents allegedly received several complaints about Horizons' performance of the contracts. Respondents state that the complaints were received from within the agency and well as from students and employees of Horizons. The complaints alleged falsification of records, a history of harassment and discourteous treatment of students, and unqualified staff. In December 2004, respondents temporarily suspended their contracts with Horizons. The suspension was lifted; however, according to relator, Horizons received considerably fewer referrals, resulting in lost profits.

{¶ 4} On May 9, 2007, relator formally requested a list of 22 items; the request was made pursuant to the Ohio Public Records Act, R.C. 149.43. The lengthy request included, among other things, attendance records; complaints referred to in a December 17, 2004 e-mail between two LCDJFS employees; all complaints against Horizons; alleged falsified records; all "notes, diaries, calendars, statements, letters, memorandums, e-mails and any other documents by Esther Glover–Grant concerning any improper behavior by [Horizons] or [relator]"; LCDJFS's written policies, from 2003 to the present, on handling complaints regarding occupational services providers, including launching an investigation and the suspension of contracts with service providers; notifications to case managers advising them of the suspension and subsequent reversal of the suspension; all internal LCDJFS documentation regarding Horizons or relator; all notes taken by anyone at the October 8, 2004 or December 22, 2004 meetings; and "all documents and things" concerning any and all investigations of Horizons or relator.

{¶ 5} On May 30, 2007, relator received a facsimile from the Lucas County Prosecutor's Office indicating that her May 9 request had been forwarded to their office. The fax further stated: "You have an attorney representing you in this matter and therefore, we cannot communicate with you. You should direct this matter to Mr. Sobecki."

{¶ 6} On June 20, 2007, relator informed the assistant prosecuting attorney that she was not represented in her request and that she was making the request as a citizen of Lucas County. Relator also notified LCDJFS of her request and the response from the Lucas County Prosecutor's Office. Relator informed LCDJFS that she was not represented by counsel in her request.

{¶ 7} On December 5, 2007, relator filed a complaint in mandamus, asserting that respondents had failed to provide the above-requested documents in violation of the Ohio Public Records Act, R.C. 149.43. The matter is now before us for judgment on the parties' briefs.

{¶ 8} Realtor acknowledges that some of her requests "arguably included documents which are exempt from production under Ohio Rev.Code § 149.43 or under some other statutory provision set forth by respondents in their answer." Relator clarifies that only a portion of each request may be exempt from disclosure and that some may be subject to disclosure after the appropriate redaction. Conversely, respondents contend that "(1) the requested records are not in the possession of the Respondents; (2) Relator's claims are moot; and (3) Relator's claims are [barred] by R.C. 149.43(A)(1)(v), 510[1].26(C), 5102.27(A) and Ohio Admin. Code 5101:1–1–03(A)."

{¶ 9} At the outset, we note that a writ of mandamus is an extraordinary remedy. Generally, to be entitled to a writ of mandamus, a relator must establish a clear legal right to the relief requested, a clear legal duty to perform the requested act on the part of the respondent, and that the relator has no plain and adequate remedy at law. *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio St.3d 504, 510, 644 N.E.2d 361. See R.C. 2731.05. However, when the relator is requesting documents pursuant to R.C. 149.43, Ohio's Public Records Act, the relator is not required to demonstrate the lack of a legal remedy. *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 41. Further, "R.C. 149.43 must be construed liberally in favor of broad access to records kept by public offices, and any doubt is to be resolved in favor of disclosure of the records." *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 433, 732 N.E.2d 960. The government has the burden of demonstrating that the records or redacted portions of a record are exempt from disclosure. *State ex rel. White v. Watson,* 8th Dist. No. 86737, 2006-Ohio-5234, 2006 WL 2831009.

{¶ 10} We will initially address respondents' argument that relator's request for a writ of mandamus is moot. Respondents argue that relator, in a prior lawsuit against an individual LCDJFS employee, has already requested the identical records in discovery. According to respondents, in that case, relator acknowledged that the only discovery requests that she had not received were the subject of the protective order. On January 5, 2007, relator dismissed the lawsuit

without prejudice. Additionally, respondents argue that relator's September 21, 2007 deposition testimony, taken in another civil lawsuit and filed in this case, conflicts with her assertion that she has not received the records requested in this action.

{¶ 11} The Supreme Court of Ohio has held that because "public records are the people's records," *Dayton Newspapers, Inc. v. Dayton* (1976), 45 Ohio St.2d 107, 109, 74 O.O.2d 209, 341 N.E.2d 576, an individual may inspect and copy a public record "irrespective of his or her purpose for doing so." *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 610 N.E.2d 997, syllabus. In *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, the Supreme Court of Ohio held that the relator could pursue a public-records request during the pendency of a civil case after the expiration of the discovery deadline. See *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 35 (the relator was entitled to pursue an R.C. 149.43 mandamus action despite his ability to request the same records by way of discovery in his pending civil lawsuit).

{¶ 12} Upon review, we find that the protective order that limited discovery in the dismissed civil proceeding does not act to bar relator's public-records request pursuant to R.C. 149.43. There is nothing to indicate that the protective order at issue survived the termination of the lawsuit; further, respondents were not a party in the prior lawsuit. Finally, as set forth above, the Supreme Court of Ohio has repeatedly held that access to public records is vital in our society.

{¶ 13} Respondents further contend that the mandamus is moot because in the prior dismissed civil action, relator, "through her counsel, stated that the defendant had complied with all discovery requests and that the only documents not provided were the one that were the subject of the motion for a protective order." However, the transcript of the hearing further provides that these documents comprised "about 90 percent of [the] discovery request."

{¶ 14} Respondents also argue that due to an investigation in 2005, many of the records requested are not in their possession; rather, they are in the possession of the prosecutor's office. We find this argument disingenuous. Respondents do not allege that they are unable to access the records or that a criminal action is imminent.

{¶ 15} Finally, respondents contend that relator's September 21, 2007 deposition testimony conflicts with her current assertions. During her deposition, relator acknowledged that she received two letters as a result of a prior public-records request; these letters were not included in relator's May 9, 2007 public-

records request. With regard to relator's current request, the following exchange occurred:

{¶ 16} "Q: But there weren't any other documents? In other words, I'm just trying to narrow it down to make sure I understand * * * what written documents this case is based on.

{¶ 17} "A: I have made a public records request to the county. I haven't received all of those documents so possibly there may be something else in there I don't know."

{¶ 18} Based on the foregoing, we find that relator's mandamus complaint is not moot, and we will address each category of requested documents in the order presented in relator's merit brief.

{¶ 19} Relator first requested the attendance records referred to in an internal e-mail dated November 15, 2004. Relator also requested attendance records referred to in a document titled "Recoupment Summary–Horizons." Relator acknowledges that unredacted, the documents would arguably violate R.C. 5101.27(A), which provides, subject to certain exceptions, "no person or government entity shall solicit, disclose, receive, use, or knowingly permit, or participate in the use of any information regarding a public assistance recipient for any purpose not directly connected with the administration of a public assistance program." See also O.A.C. 5101:1–1–03(A).

{¶ 20} Upon review, we agree that releasing the records would violate R.C. 5101.27(A). Redacting all identifying information from the attendance records would be a futile act. Accordingly, we find that relator is not entitled to the attendance records.

{¶ 21} Relator next requested the complaints referred to in an e-mail from Esther Glover–Grant to Alice Eck and, generally, all complaints "of harassment, discourteous treatment, or anything else" directed toward Horizons or relator. We find that relator is entitled to these records with all LCDJFS clients' identifying information redacted.

{¶ 22} Next, relator requested the "falsified" records referred to in the December 21, 2004 memorandum from Esther Glover–Grant to Patricia Holmberg, LCDJFS employees, and Peter Kanios, Lucas County Assistant Prosecutor. Relator also requested all documents concerning alleged improper behavior of relator or Horizons and all documents relied upon by LCDJFS in concluding that relator or Horizons had engaged in improper behavior. Upon review, we conclude that relator is entitled to these items with all LCDJFS clients' identifying information redacted.

{¶ 23} Relator also requested the notification to social services of the suspension of training by relator or Horizons and the notification advising social services that the suspension had been lifted. We find that these requests are subject to disclosure. In the event that the notifications contain any information identifying public assistance applicants, recipients, or past recipients, the information is to be redacted.

{¶ 24} Relator requested all documentation from Patricia Holmberg, Carol Rehm, or Isaac Palmer to anyone on the LCDJFS staff regarding Horizons or relator. Respondents have failed to demonstrate that absent any identifying information, these records are exempt from disclosure. Relator also requests documentation between various individuals and Esther Glover–Grant concerning Horizons or relator. Again, respondents have failed to meet their burden of demonstrating that these records are exempt from disclosure. Thus, with the proper redaction, relator is entitled these records.

{¶ 25} Relator requested all recoupment information from the November 16, 2004 meeting that she had with Esther Glover–Grant, Patricia Holmberg, Marge Thornwell, and Serena Rayford. As is apparent from the recoupment summary attached to relator's brief, this information is likely riddled with identifying information. To the extent that all identifying information may be redacted, relator is entitled to these records.

{¶ 26} Relator also requested all notes from the October 8, 2004 meeting between Esther Glover–Grant, Patricia Holmberg, Claudia Dodds, and Linda Rice. Again, with all the identifying information redacted, relator is entitled to the records.

{¶ 27} Relator requested "[a]ll documents and things concerning any and all investigations" of either Horizons or relator. Though the request is broadly worded, we find that it is proper because it seeks specific records rather than information. See *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 28–39. Accordingly, relator is entitled to inspect and copy the records following the redaction of all identifying information.

{¶ 28} Relator requested the job description of LCDJFS employee Patricia Holmberg from July 1, 2003 to the present. The job description is a public record and relator is entitled to inspect and copy it.

{¶ 29} Relator further requested the written policies on handling complaints about an occupational service provider, beginning an investigation of a service provider, and suspension of contracts with a service provider. These written policies are public records and relator is entitled to inspect and copy them.

{¶ 30} Relator requested all performance measures created by Esther Glover–Grant during site visits and monitoring of Horizons or relator. Upon review, we

find that relator is entitled to the performance measures with any identifying information redacted.

{¶ 31} Relator requested all notes taken by anyone concerning the December 22, 2004 meeting (relator was in attendance), when realtor was advised that the contract between Horizons and LCDJFS was being suspended. To the extent that the individuals at the meeting were employed by LCDJFS and absent any identifying information, the notes are subject to inspection and copying.

{¶ 32} The final request referred to in relator's merit brief is the written policy on clients obtaining employment following occupational-skills classes. We find that this document is subject to inspection and copying with any identifying information redacted.

{¶ 33} Relator has also requested an award of attorney fees and statutory damages pursuant to R.C. 149.43(C). R.C. 149.43(C) provides:

{¶ 34} "(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section. * * *.

{¶ 35} "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section."

{¶ 36} According to *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus, "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action

pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot. (*State ex rel. Toledo Blade Co. v. Northwood* [1991], 58 Ohio St.3d 213, 569 N.E.2d 904, overruled.)"

{¶ 37} "An award of attorney fees is not mandatory, but will be granted where a sufficient benefit to the public is demonstrated." *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 38, 661 N.E.2d 187, citing *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 145, 647 N.E.2d 1374; and *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443, paragraph two of the syllabus. As in *State ex rel. Morgan v. New Lexington,* supra, 112 Ohio St.3d at ¶ 58, we find that realtor has requested the records mainly for her benefit. See also *State ex rel. Fitz v. Cope,* 6th Dist. No. E–03–056, 2004-Ohio-1038, 2004 WL 413297. Accordingly, we find that realtor is not entitled to attorney fees.

{¶ 38} With regard to statutory damages, as set forth in R.C. 149.43(C) we must presume that relator was damaged due to the loss of use of the information. Accordingly, because her mandamus action was filed on December 5, 2007, and more than 100 days have elapsed, we award relator the maximum damages amount of $1,000.

{¶ 39} On consideration whereof, we find that relator is granted a limited writ of mandamus as provided in this decision and judgment entry. Relator is not entitled to attorney fees; however, relator is awarded $1,000 in· statutory damages as provided in R.C. 149.43(C). It is ordered that respondents pay the costs in this matter.

Writ granted in part.

SINGER and SKOW, JJ., concur.