DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before us on the motion of petitioner, the Ohio Patrolmen's Benevolent Association, for summary judgment, and the memorandum in opposition of the Lucas County Sheriffs Department, James Telb, Jon Rogers, and Kenneth Perry. Petitioner has also filed a motion for attorney fees and respondents have filed a motion in opposition. Petitioner initiated this action in mandamus seeking disclosure of certain documents alleged to be public records pursuant to R.C. 149.43. We now dismiss the writ as moot.
 {¶ 2} Petitioner sought two sets of documents, described in its complaint as follows:
 {¶ 3} 1. "Copies of any report authored since July 2003 by any federal or state agency, representative or officials that concern the operation, maintenance, health, safety, and/or security of the Lucas County Jail. This request specifically includes, but is not limited to, health department inspections records and insect/rodent inspections records."
 {¶ 4} 2. "[C]opies of any and all communications and/or documents received, maintained, or authored by the Lucas County Sheriffs Office, including any of its agents or representatives or employees, that mention or concern the medical condition of Deputy David Lindhorst. This request includes but is not limited to any communication received by or authored by Sheriffs representatives with regard to back pain and/or problems experienced by Deputy Lindhorst."
 {¶ 5} In respondents' memorandum in opposition, counsel for respondents, John A. Borell, submitted an affidavit regarding his research into whether the requested documents are public records, and regarding whether respondents have responsive documents in their possession. Respondents' brief, while arguing that the documents sought do not qualify as "public records" pursuant to R.C. 149.43, nonetheless states:
 {¶ 6} "* * * having again reviewed the documents within the scope of the revised second request, Respondents have determined that there are, at the most, three documents that are responsive. * * * Given the small number of documents involved, it is be [sic] a waste of this Court's resources to continue this portion of the litigation. Thus, the Respondents will provide these records to Petitioners."
 {¶ 7} Finding the above statement in the brief not to be admissible evidence, we ordered respondents to submit a stipulation stating that all responsive documents within their possession have been provided to petitioner, with an affidavit averring that the documents provided are the only responsive documents within their custody. In addition, we ordered respondents to submit those responsive documents to the court, along with proof that the responsive documents have been provided to petitioner.
 {¶ 8} Respondents filed the requested affidavit, attached to which were three documents responsive to petitioner's second records request. With respect to petitioner's first request, counsel for respondents averred that "[n]o federal or state agency, including the state health department, has, since 2003, issued a report concerning the operation, maintenance, health, safety, and/or security of the Lucas County Jail. No government agency inspects the Lucas County Jail specifically for rodents and/or insects." Counsel for respondents did state, however, that "local government agencies" conduct "other types of inspections" that "may reveal" the presence of rodents and/or insects. Counsel for respondents also stated that he has made "numerous written attempts" to contact petitioner's counsel to resolve the dispute and to clarify which records were sought by the request, but that petitioner's counsel has not responded.
 {¶ 9} Shortly after respondents' submission of the affidavit and records responsive to the second request, petitioner filed a motion for attorney fees in the amount of $3,099.75, supported by a memorandum of law and an affidavit regarding fees. The affidavit also contested respondents' counsel's claim of "numerous" written communications, asserting receipt of two written communications.
 {¶ 10} Petitioner then filed a "Reply to Respondents' Motion to Dismiss" which states that petitioner is not contesting the motion to dismiss filed by respondents in so far as it relates to the request for the first set of documents. This matter is now ripe for disposition.
 {¶ 11} The jurisdiction of this court is established in Article IV of the Ohio Constitution which gives courts of appeals original jurisdiction in mandamus actions. "In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589, citing State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489,490.
 {¶ 12} The public records statute contains its own mandamus remedy. "If a person allegedly is aggrieved by the failure of a public office to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a public office or the person responsible for the public record to make a copy available to the person allegedly aggrieved in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action." R.C. 149.43(C). If public records are not provided as required by statute, a party need not show it lacks an otherwise adequate remedy at law, otherwise a necessary predicate for a successful mandamus action. State ex rel. Findlay Publishing Co. v. Schroeder (1996),76 Ohio St.3d 580, 582; State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, 426. After considering the facts and circumstances, the decision to issue a writ lies in the sound judicial discretion of the appellate court. State ex rel. Pressley v. Ind. Comm. (1967),11 Ohio St.2d 141, 143, paragraph seven of the syllabus.
 {¶ 13} Having reviewed the filings in this matter, we find that this petition must be dismissed as moot. With respect to the public records request for the first set of documents, petitioner now states that it is not contesting respondents' motion to dismiss and is no longer seeking those records. With respect to the second set of documents, respondents performed by submitting three documents and averring that those three documents were the only documents in its possession responsive to the request. Petitioner has not contested this point. When a respondent complies with the public records request after the filing of a mandamus, the mandamus petition is rendered moot and a writ must be denied.State ex rel. Toledo Blade Co. v. Board of Hancock Co. (1998),82 Ohio St.3d 34, 36. We therefore dismiss this matter as moot.
 {¶ 14} With respect to petitioner's motion for attorney fees, it is well-established that attorney fees are permitted but not required pursuant to R.C. 149.43. State ex rel. Cincinnati Enquirer v.Daniels, 108 Ohio St.3d 518, 2006-Ohio-1215, ¶ 31, citing State ex rel.Fox v. Cuyahoga Cty. Hosp. Sys. (1988), 39 Ohio St.3d 108, syllabus. "In granting or denying attorney fees under R.C. 149.43(C), courts consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question." Id., quoting State ex rel. Wadd v.Cleveland (1998), 81 Ohio St.3d 50, 54.
 {¶ 15} "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C.149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." State ex rel. Pennington v. Gundler (1996), 75 Ohio St.3d 171, syllabus. As in State ex rel. Toledo Blade v. Board of Hancock Co., supra, petitioner has satisfied the third and fourth requirements as it only received the second set of documents after the instant action was filed. Additionally, petitioner has satisfied the first and second requirements, as its requests were proper and respondents acknowledged their refusal to provide them.
 {¶ 16} The facts of this matter weigh heavily in favor of awarding attorney fees. The public records request for the second set of documents were proper, and respondents failed to comply until well after this action was instituted. Respondents initially contested the mandamus by arguing that Deputy Lindhorst's medical records fell within the medical records exception, without acknowledging his written waiver directing respondents to release the records. Comprising the documents respondents submitted were (1) a letter from Deputy Lindhorst's own physician regarding his treatment; (2) a letter from respondent Kenneth Perry to a physician regarding his circumstances and enclosing "documentation regarding claims filed by [Lindhorst] over the past several years"; and (3) a letter to Lindhorst from Kenneth Perry scheduling Lindhorst's "fitness for duty evaluation." None of these three letters were "medical records" excepted from disclosure pursuant to R.C. 149.43 as respondents contend. Respondents' failure to respond to this proper records request undermines the purpose of R.C. 149.43(B), which provides that public records "shall be promptly" prepared. "'Promptly' means `without delay and with reasonable speed' and its meaning `depends largely on the facts in each case.' Black's Law Dictionary (6 Ed.1990) 1214." State ex rel. Wadd v. City ofCleveland (1998), 81 Ohio St.3d 50, 53. Respondents have not taken a "rational stance on an unsettled legal issue." Daniels, supra, ¶ 32.
 {¶ 17} Counsel for petitioners has submitted an affidavit outlining the fees and costs billed: $100 per hour for attorneys, $70 per hour for paralegal services, $45 per hour for legal secretary services, and expenses of $200 for a total of $3,099.75. We find these costs reasonable.
 {¶ 18} For the forgoing reasons, we dismiss petitioner's complaint in mandamus as moot. We grant petitioner's motion for attorney fees, and enter judgment in its favor in the amount of $3,099.75. Costs of this action are assessed to respondents.
PETITION DISMISSED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR.