DECISION
{¶ 1} Relator, Keith Simonsen, filed this action, which requests that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to his public records request. *Page 2 
 {¶ 2} We referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. On March 7, 2008, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ and grant summary judgment to ODRC because ODRC had complied with relator's request. On objections, we concluded the following: (1) the magistrate gave inadequate notice of the conversion of ODRC's motion to dismiss to a motion for summary judgment, but the error was harmless; (2) ODRC failed to comply with Civ. R. 56 when it attached to its motion an unauthenticated copy of the letter sent to relator and failed to submit an authenticated copy of the responsive records, but relator had done so; (3) summary judgment was improper because the record contained no admissible evidence that ODRC responded fully to relator's request; and (4) the magistrate had not addressed the issues of statutory damages and court costs. We remanded this matter to the magistrate for further proceedings.
 {¶ 3} On September 29, 2008, the magistrate issued a decision, including findings of fact and conclusions of law, finding that ODRC had complied with relator's request for records, but recommending that we award to relator statutory damages in the amount of $1,000. (Attached as "Appendix A.") Both relator and ODRC filed objections to the magistrate's decision.
 {¶ 4} As we detailed in our prior decision, in August 2007, relator alleged that he made a public records request for a copy of the "Westlaw Correctional Facilities" contract and any documents relating to the negotiation of the contract. When he did not receive a response, he submitted at least one more request, in November 2007. Having still received no response from ODRC, relator filed this action on January 9, *Page 3 
2008. As relief, relator sought an order requiring ODRC to respond, an award of statutory damages and court costs, and any further just and proper relief.
 {¶ 5} In our prior decision, we stated the following:
 * * * In its motion, ODRC stated that relator had received "copies of all documents relevant to [ODRC's] acquisition of the Thomson/West Westlaw Correctional Facilities service. A single contract document does not exist. Further, no documents relating to negotiations or specifically addressing Belmont Correctional Institution exist." ODRC did not submit an affidavit attesting to the truth of this assertion, as Civ. R. 56 requires. Cf. State ex rel. Ohio Patrolmen's Benevolent Assn. v. Lucas Cty. Sheriff's Office, Lucas App. No. L-06-1108, 2007-Ohio-101, ¶ 7 (where public office indicated in filing with appellate court that it would provide records responsive to public records request, court found that the statement was not admissible evidence and ordered the public office to submit an affidavit averring that all responsive documents within their possession have been provided). Without admissible evidence that ODRC complied fully with relator's request, summary judgment was improper. * * *
 {¶ 6} On remand, ODRC submitted certified evidence, which included the affidavit of ODRC legal counsel Vincent Lagana. In this affidavit, Lagana stated: "On February 11, 2008 I responded to the Public Records Request propounded by Relator Keith Simonsen." He also stated: "Attached to this Affidavit are the documents produced to [relator]." Lagana did not, however, state that ODRC had provided relator all documents responsive to his request. Therefore, based on the record before us, we have no way of knowing whether ODRC's response was complete. Accordingly, we decline to adopt the magistrate's findings and conclusions to the contrary, and we sustain relator's objection. *Page 4 
 {¶ 7} Based on our independent review of the evidence in this matter, we sustain relator's objections concerning whether ODRC's response to relator's request is complete. ODRC having failed to submit evidence of its complete response to relator's request, we grant a writ of mandamus ordering ODRC, within 21 days of the date of this order, to file with this court an affidavit stating that ODRC has provided all records responsive to relator's request and identifying any exceptions that may apply to prevent a release of responsive records under the Public Records Act. In the alternative, if ODRC determines that it has not responded fully to relator's request, ODRC shall (1) mail to relator, without charge and within 21 days of the date of this order, every responsive record that is not excepted from release under the Public Records Act, and (2) inform this court accordingly. Upon ODRC's compliance with this writ, we shall consider ODRC's objection concerning statutory damages.
Relator's objections sustained, writ of mandamus granted.
 McGRATH, P.J., and BROWN, J., concur. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION {¶ 8} Relator, Keith Simonsen, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to his public records request. Relator also seeks an award of statutory damages and court costs pursuant to R.C. 149.43(C)(2) and (C)(2)(a). *Page 6 
Findings of Fact: {¶ 9} 1. Relator is an inmate currently incarcerated at Grafton Correctional Institution.
 {¶ 10} 2. In August 2007, relator made a public records request seeking documentation including a copy of a contract, any notes, correspondence, memoranda, or other record(s) that pertains to the negotiation between respondent and Thomson/West Company for a service called Westlaw Correctional Facilities.
 {¶ 11} 3. In its answer, ODRC admits that it received this request.
 {¶ 12} 4. Because he did not receive a reply, relator filed additional public records requests seeking the same documents. Specifically, on November 8, 2007, relator sent a letter, dated November 5, 2007, by certified mail to respondent seeking the following public records:
 * * * [A] copy of a contract made between the Ohio Department of Rehabilitation and Correction and the Thomson/West Company for a service called "Westlaw Correctional Facilities" which facilitates access to Westlaw published materials for ODRC prison law libraries. I am also requesting copies of any notes, correspondence (electronic or otherwise), memoranda, or any other record that pertains to the negotiation of the above-referenced contract.
 {¶ 13} 5. The certified return receipt was signed by an employee of respondent on November 13, 2007.
 {¶ 14} 6. Relator did not receive a reply to this public records request.
 {¶ 15} 7. On January 9, 2008, relator filed the instant mandamus action in this court seeking to compel ODRC to respond to his public records request. *Page 7 
 {¶ 16} 8. On February 11, 2008, ODRC sent relator 110 copied pages from documents in response to relator's public records request.
 {¶ 17} 9. On March 3, 2008, relator filed copies of various documents as evidence for this court's consideration.
 {¶ 18} 10. On July 22, 2008, ODRC filed its certified evidence.
 {¶ 19} 11. On August 18, 2008, ODRC filed a motion for summary judgment arguing that relator's mandamus action is moot because ODRC has provided him the documents which he requested and argues that this court should deny relator's request for statutory damages in the absence of respondent's failure to comply with an obligation under R.C. 149.43.
 {¶ 20} 12. On August 26, 2008, relator filed a cross-motion for summary judgment and a memorandum contra in reply to ODRC's motion for summary judgment. Relator argues that summary judgment should be granted in his favor because, although ODRC's February 11, 2008 letter stated that all relevant documents were included with that response, ODRC provided him additional documents on February 29, 2008. Relator also states that ODRC's February 11, 2008 letter provides that only relevant portions of West's responses were included. Relator has not provided a copy of any additional documents ODRC sent him after ODRC's February 11, 2008 response.
 {¶ 21} 13. The matter is currently before the magistrate on the motions for summary judgment. *Page 8 
Conclusions of Law: {¶ 22} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 23} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 24} The appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act, is mandamus. State ex rel. Physicians Commt.for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,108 Ohio St.3d 288, 2006-Ohio-903. R.C. 149.43 must also be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. State ex rel. Cincinnati Enquirer v.Hamilton Cty. (1996), 75 Ohio St.3d 374.
 {¶ 25} R.C. 149.43 pertains to the availability of public records and provides, in pertinent part: *Page 9 
 (B)(1) Upon request * * * all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * [U]pon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. * * *
 (2) To facilitate broader access to public records, a public office * * * shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section. A public office also shall have available a copy of its current records retention schedule at a location readily available to the public. If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office * * * cannot reasonably identify what public records are being requested, the public office * * * may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.
 (3) If a request is ultimately denied, in part or in whole, the public office * * * shall provide the requester with an explanation, including legal authority, setting forth why the request was denied.
 * * *
 (7) Upon a request made in accordance with division (B) of this section * * * a public office * * * shall transmit a copy of a public record to any person by United States mail or by any other means of delivery or transmission within a reasonable period of time after receiving the request for the copy. The public office * * * may require the person making the request to pay in advance the cost of postage if the copy is transmitted by United States mail or the cost of delivery if the *Page 10 
copy is transmitted other than by United States mail, and to pay in advance the costs incurred for other supplies used in the mailing, delivery, or transmission.
 Any public office may adopt a policy and procedures that it will follow in transmitting, within a reasonable period of time after receiving a request, copies of public records[.] * * * A public office that adopts a policy and procedures under this division shall comply with them in performing its duties under this
division.
 * * *
 (C)(1) If a person allegedly is aggrieved by the failure of a public office * * * to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office * * * to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office * * * to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this
section.
 * * *
 If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office * * * except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.
 The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand *Page 11 
dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information.
 * * *
 (2)(a) If the court issues a writ of mandamus that orders the public office * * * to comply with division (B) of this section and determines that the circumstances described in division (C)(1) of this section exist, the court shall determine and award to the relator all court costs.
 (b) If the court renders a judgment that orders the public office * * * to comply with division (B) of this section, the court may award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this
section.
 * * *
 * * *
 (c) Court costs and reasonable attorney's fees awarded under this section shall be construed as remedial and not punitive. * * *
 {¶ 26} The purpose of the Ohio Public Records Act "is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy." State ex rel. Gannett SatelliteInfo. Network, Inc. v. Petro (1997), 80 Ohio St.3d 261, 264, quotingState ex rel. WHIO-TV-7 v. Lowe (1997), 77 Ohio St.3d 350, 355. Scrutiny of public records allows citizens to evaluate the rationale behind government decisions so government officials can be held accountable. See White v. Clinton Cty. Bd. of Commrs. (1996), 76 Ohio St.3d 416, 420.
 {¶ 27} As above indicated, public offices are required to promptly prepare records and transmit them within a reasonable period of time after receiving the request for the copy. The term "promptly" is not defined in the statute. However, statutes in other states give their agencies from between three and 12 days from the date the *Page 12 
public records were requested to make the documents available. The word "prompt" is defined as "performed readily or immediately." Webster's Eleventh New Collegiate Dictionary (2005) 994.
 {¶ 28} Respondent argues that summary judgment should be granted in its favor because respondent has provided relator with copies of the requested documents. Respondent contends that the matter is now moot. As indicated below, respondent is only partly correct.
 {¶ 29} Respondent has provided relator with copies of the requested documents. As such, to the extent that relator's mandamus action seeks to compel respondent to produce those documents, the matter is moot. SeeState ex rel. Cranford v. Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884, at ¶ 23, quoting State ex rel. Cincinnati Enquirer, Div. of GannettSatellite Info. Network, Inc. v. Dupuis, 98 Ohio St.3d 126,2002-Ohio-7041, at ¶ 8. "In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot." However, R.C. 149.43(C)(1) provides for an award of statutory damages. In his mandamus complaint, relator specifically sought an award of statutory damages. This determination is not rendered moot simply because respondent has now provided relator with the documents he requested.
 {¶ 30} As indicated previously, the effective date of the amendments to R.C. 149.43 providing for an award of statutory damages is September 9, 2007. As such, it would not be proper to apply this requirement to relator's August 2007 request for documents. However, it does apply to relator's November 5, 2007 request, which was received by respondent on November 13, 2007. As the record indicates, relator filed his *Page 13 
mandamus action seeking to compel the production of these documents from respondent on January 9, 2008, 37 business days from respondent's receipt of relator's request. The magistrate finds that 37 days is not prompt and is not reasonable. As such, the magistrate finds that relator is a person aggrieved by the failure of respondent to promptly prepare the documents relator sought and that relator is entitled to statutory damages in the amount of $100 per day beginning with the date his mandamus action was filed, but not to exceed $1,000. Relator's mandamus action was filed January 9, 2008, and respondent sent him the requested records February 11, 2008. Clearly, more than ten days elapsed from the date relator's mandamus action was filed to the date respondent replied. As such, the magistrate finds that relator is entitled to $1,000, the maximum amount of statutory damages permitted under the statute.
 {¶ 31} As noted previously, the fact that respondent ultimately complied with relator's request for documents does not render moot relator's entire action. As such, although a writ of mandamus is no longer necessary to compel respondent's compliance, the magistrate has found that respondent failed to promptly prepare the documents requested by relator in a reasonable amount of time and that relator is entitled to an award of statutory damages in the amount of $1,000. As such, respondent's motion for summary judgment is denied and this court should issue summary judgment in favor of relator and should order the Ohio Department of Rehabilitation and Correction to pay relator $1,000 in statutory damages. *Page 1