JOURNAL ENTRY AND OPINION
{¶ 1} Relators, Brian Bardwell ("Brian") and Michael Bardwell ("Michael"), request that this court compel respondents — Rocky River Police Department, the chief of police, the Rocky River law department and the director of the law department (Andrew D. Bemer) — to make available various records as well as award statutory damages. For the reasons stated below, we: grant relators' motion for summary judgment in part; grant respondents' motion for summary judgment in part; and order respondents to pay Brian Bardwell $1,000.00 as statutory damages for failing to promptly make certain Police Department records available. *Page 3 
 {¶ 2} Michael avers that, on January 18, 2008, he hand-delivered written requests for public records to the Rocky River Police Department (on behalf of Brian) and to the Rocky River Law Department.
 {¶ 3} The request to the Police Department stated:
 {¶ 4} "I would like to inspect the following records:
 {¶ 5} "— The Rocky River Police Department's records-retention schedule (ORC 149.34)
 {¶ 6} "— The Rocky River Police Department's log of recovered property (ORC 737.29)
 {¶ 7} "— All reports, including supplements, generated by the Rocky River Police Department on January 8, 2008
 {¶ 8} "Please contact me at [telephone number, including area code] when the records are ready for inspection.
 {¶ 9} "Thank you."
 {¶ 10} The request to the Law Department stated:
 {¶ 11} "I would like to inspect the following records:
 {¶ 12} "— Rocky River Law Department records retention policy
 {¶ 13} "— Expense account records for Michael O'Shea and Andrew Bemer from September 2007 through December 2007
 {¶ 14} "— Cell phone records from September 2007 through December 2007 for Michael O'Shea and Andrew Bemer *Page 4 
 {¶ 15} "-Personnel files for Michael O'Shea and Andrew Bemer
 {¶ 16} "Please contact me at [telephone number, including area code] when the records are ready for inspection.
 {¶ 17} "Thank you."
 {¶ 18} The parties filed motions for summary judgment and briefs in opposition. Respondents contend that they released all of the existing requested records to relators between February 7, 2008 and March 28, 2008 and that any remaining redactions are consistent with the controlling law. Relators argue, however, that respondents have not released all of the records, improperly delayed the release of records and otherwise failed to comply with the requirements of the Public Records Act.
 {¶ 19} R.C. 149.43(B)(1) provides:
 {¶ 20} "Upon request ***, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. *** [U]pon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public *Page 5 
record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction."
 {¶ 21} Bemer avers that several of the records requested by relators do not exist. Relators have not provided any evidence which contradicts these averments. Additionally, with few exceptions, respondents have released all of the other records requested by relators.
 {¶ 22} Under R.C. 149.43(C)(1), mandamus is the remedy for a person who is allegedly aggrieved by the failure to release a public record. "The provision of the requested information renders Bardwell's request for a writ of mandamus moot. State ex rel. Calvary v. City of UpperArlington, 89 Ohio St.3d 229, 2000 Ohio 142, 729 N.E.2d 1182; State exrel. Nix v. Cleveland (1998), 83 Ohio St.3d 379, 1998 Ohio 290,700 N.E.2d 12. In addition, the respondents possess no duty to create or provide access to nonexistent records. State ex rel. Lanham v.Smith, 112 Ohio St.3d 527, 2007 Ohio 609, 861 N.E.2d 530; State ex rel.Ohio Patrolmen's Benevolent Assn. v. Mentor (2000), 89 Ohio St.3d 440,2000 Ohio 440, 732 N.E.2d 969." State ex rel. Bardwell v. ClevelandState Univ., Cuyahoga App. No. 91077, 2008-Ohio-2819, at ¶ 15. *Page 6 
 {¶ 23} In this case, the record reflects the following responses to relators' requests for records from the Police Department:
 {¶ 24} A) The records retention schedule does not exist.
 {¶ 25} B) Respondents ultimately released the property log (titled "Rocky River Police Department Property Report 2007") without redactions.
 {¶ 26} C) Police reports and supplements from January 8, 2008:
 {¶ 27} 1) The record in this case reflects that incident reports 2008-0054 through 2008-0059 were generated on that date.
 {¶ 28} 2) In both relators' motion for summary judgment and their brief in opposition to respondents' motion for summary judgment, relators contend that they have not received a complete, unredacted copy of the report and supplements for incident report 2008-0055. The failure of respondents to make the supplements available to relators is also identified in relators' complaint. Respondents have not rebutted this claim or provided this court with any authority for redacting a checking account number from incident report 2008-0055 and for not releasing the statements to relators. Relators specifically argue that, although incident report 2008-0055 states "(Statements attached)," they have not received the statements. Relators contend that statements which are incorporated by reference into a routine incident report must be released immediately along with the incident report. State ex rel.Beacon Journal Publishing Co. v. Maurer, 91 Ohio St.3d 54,2001-Ohio-282, *Page 7 741 N.E.2d 511. Respondents have not provided this court with any authority rebutting respondents' contention.
 {¶ 29} In this case, the record reflects the following responses to relators' requests for records from the Law Department:
 {¶ 30} A) The records retention policy as well as records regarding expense accounts and cell phones for Bemer and O'Shea do not exist because Rocky River does not provide either of them with an open-ended expense account or a cell phone.
 {¶ 31} B) Relators do not dispute the scope of the release of the personnel records regarding Bemer and O'Shea. Nevertheless, relators argue that respondents impermissibly continue to redact Bemer's home address from personnel records.
 {¶ 32} Relators contend that, because Bemer is an elected official, his address should be released. Under R.C. 149.43(A)(1)(p) in conjunction with (7)(a), "[t]he address of the actual personal residence of a *** prosecuting attorney, assistant prosecuting attorney ***" is not a public record. In his affidavit, Bemer avers that he serves as prosecutor when O'Shea is not available. Relators do not dispute that averment. Relators do not provide any authority for their proposition that Rocky River must release the home address of an elected law director who — to some extent — serves as a prosecutor. As a consequence, relators' request for relief in *Page 8 
mandamus is denied with respect to their request for records from the Law Department.
 {¶ 33} With respect to their request for records from the Police Department, respondents have not rebutted relators' assertion that respondents have not made available the statements incorporated by reference into incident report 2008-0055 nor have respondents justified their redacting the checking account number from incident report 2008-0055. Accordingly, relief in mandamus is granted to the following, limited extent: respondents shall forthwith make available to relators for inspection and copying in accordance with R.C. 149.43 a complete, unredacted (except for social security numbers) copy of the report and attached statements for incident report 2008-0055. With respect to all of the other records listed in relators' January 18, 2008 requests to the Police Department and the Law Department, relators' request for relief in mandamus is denied.
 {¶ 34} Relators also contend that they are entitled to statutory damages because respondents have failed to comply with R.C. 149.43. As indicated above, R.C. 149.43(C)(1) authorizes a person allegedly aggrieved by the failure to release public records to commence a mandamus action. A mandamus action may also include "an order fixing statutory damages under division (C)(1) of this section." Id. In order to be eligible to receive statutory damages, a party must meet the following criteria: *Page 9 
 {¶ 35} "If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." Id.
 {¶ 36} Relators did submit written requests to both the Police Department and the Law Department. Bemer's affidavit chronicles various telephone calls clarifying relators' request. Nevertheless, respondents do not argue that there was any lack of clarity in relators' request. We hold, therefore, that relators have met the threshold for considering whether statutory damages are appropriate in this action.
 {¶ 37} Relators also assert several grounds for awarding statutory damages with respect to their requests to both the Police Department and the Law Department. When Michael delivered the requests, at each office reception staff asked him his name. R.C. 149.43(B)(5) provides:
 {¶ 38} "A public office or person responsible for public records may ask a requester to make the request in writing, may ask for therequester's identity, and may inquire about the intended use of the information requested, but may do so only after disclosing to therequester that a written request is not mandatory and that the *Page 10 requester may decline to reveal the requester's identity or the intended use and when a written request or disclosure of the identity or intended use would benefit the requester by enhancing the ability of the publicoffice or person responsible for public records to identify, locate, ordeliver the public records sought by the requester." (Emphasis added.)
 {¶ 39} Respondents do not dispute Michael's averments that, when he was asked his name, he was not informed that the request was not mandatory. Clearly, the absence of that qualification is a violation of R.C. 149.43(B)(5).
 {¶ 40} R.C. 149.43(E)(2) provides, in part: "The public office shall create a poster that describes its public records policy and shall post the poster in a conspicuous place in the public office and in all locations where the public office has branch offices." Bemer avers in his affidavit that the Rocky River Public Records Disclosure Policy is posted on the bulletin board in the main lobby of city hall as well as in the window lobby of the separate entrance to the Police Department. The Law Department is on the second floor of city hall. Despite relators' arguments to the contrary, we conclude that the record in this case does not reflect a violation of respondents' duty to post the Rocky River's public records policy in a conspicuous place.
 {¶ 41} Relators also contend that respondents violated the Public Records Act by failing to justify in writing their refusal to release records or to release certain records with redactions. *Page 11 
 {¶ 42} "If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing." R.C. 149.43(B)(3).
 {¶ 43} As noted above, Bemer averred that some of the requested records do not exist. Although relators have not provided evidence demonstrating that the records do exist, relators argue that respondents were required to cite specific legal authority to justify their failure to release records which do not exist. Clearly, a public office cannot make available a record which does not exist. As a consequence, we reject relators' argument that a public office must cite legal authority to justify its failure to make available a record which does not exist.
 {¶ 44} Respondents transmitted records pertaining to the request for records from the Police Department with a February 7, 2008 cover letter from Bemer to Michael. In that letter, respondents did not provide any explanation for refusing to release the statements accompanying incident report 2008-0055 or the supplementary materials accompanying incident report 2008-0057, regarding J.L. Boone.
 {¶ 45} In Bemer's March 28, 2008 letter to Brian, respondents did explain that the records pertaining to incident report 2008-0057 were being released at that time because Boone's prosecution had concluded and they were no longer either *Page 12 
confidential law enforcement investigatory records or trial preparation records under R.C. 149.43(A)(1)(g) and (h) as well as (A)(2) and (A)(4). Respondents should have provided an explanation for refusing to release the supplementary materials accompanying incident report 2008-0057 from the outset. Nevertheless, we hold that relators have failed to demonstrate that these materials were "incorporated by reference" as was the case in Beacon Journal, supra. As a consequence, relators have not demonstrated that respondents were required to release the supplementary materials as part of incident report 2008-0057.
 {¶ 46} In Bemer's February 7 letter, however, respondents asserted that they could redact personal information regarding Bemer and O'Shea from personnel records because each of them serves as a prosecuting attorney. As noted above, this assertion was well-founded but respondents erroneously redacted the respective dates of birth as well as O'Shea's residence city and zip code from various records released on February 7. Among the records released on March 28 were copies of records which no longer had these items redacted. Bemer's February 7 letter specifically refers to R.C. 149.43(A)(1)(p) and (7). Although respondents correctly redacted "[t]he address of the actual personal residence" and "the residential telephone number" under R.C. 149.43(A)(7)(a) and (c), respectively, respondents have not provided this court with any authority specifically authorizing redacting date of birth, city of residence and zip code. *Page 13 
 {¶ 47} Respondents redacted several items in the property log when they initially made the property log available to relators on February 7. Among the information redacted was: vehicle license plate numbers; driver's license numbers; check numbers; and names. Ultimately, an unredacted copy accompanied Bemer's March 28 letter, in which he acknowledged that the redactions were "unwarranted."
 {¶ 48} Relators have requested that this court award them statutory damages due to respondents' failure to comply with R.C. 149.43. The criteria for determining statutory damages are set forth in R.C. 149.43(C)(1) which provides, in part:
 {¶ 49} "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.
 {¶ 50} "The court may reduce an award of statutory damages or not award statutory damages if the court determines both of the following:
 {¶ 51} "(a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office *Page 14 
or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;
 {¶ 52} "(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct."
 {¶ 53} Respondents have argued that, because the Police Department and the Law Department are both offices of the City of Rocky River and because relators delivered their requests on the same day, this court should treat this case as arising from one request. "`Public record' means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units ***." R.C. 149.43(A)(1). That is, respondents argue that the city is the "public office." "`Public office' includes any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established *Page 15 
by the laws of this state for the exercise of any function of government." R.C. 149.011(A).
 {¶ 54} Respondents' position is, however, contrary to established precedent. "It is undisputed that a police department is a public office. R.C. 149.011(A); State ex rel. Multimedia, Inc. v. Snowden
(1995), 72 Ohio St.3d 141, 142, 1995 Ohio 248, 647 N.E.2d 1374."State ex rel. Plain Dealer Publishing Co. v. Cleveland,106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, at ¶ 21. Similarly, we conclude that R.C. 149.43(A)(1) and 149.011(A) require that we hold that the Law Department is also a "public office." As a consequence, we must separately determine whether respondents' response to relators' request for records from each office requires the award of statutory damages.
 {¶ 55} As indicated above, respondents have still not addressed their failure to make available to relators the witness statements incorporated by reference into incident report 2008-0055. We commend respondents for ultimately acknowledging that the original redactions of the property log were "unwarranted" and releasing the property log without redactions. Nevertheless, more than ten days passed from the filing of this action on February 12, 2008 and respondents' release of the unredacted property log on March 28, 2008, a period of 45 days (32 business days). Compare State ex rel. Simonsen v. Ohio Dept. of Rehab.and Corr., Franklin App. No. 08AP-21, 2008-Ohio-6825, at ¶ 30
(magistrate's decision on remand from the Tenth District in which the magistrate found that the release of records after 37 business days *Page 16 
elapsed was not prompt and not reasonable, resulting in an award of statutory damages in the amount of $1,000.00), objection to the award of statutory damages overruled in State ex rel. Simonsen v. Ohio Dept. ofRehab. and Corr., Franklin App. No. 08AP-21, 2009-Ohio-442.
 {¶ 56} Respondents argue that they made "reasonable, good faith efforts" to respond to relators' requests. Respondents also contend that this court's determination of whether an award of damages is appropriate should include an analysis comparable to that of whether to award attorneys fees in a public records action. That is, respondents invite this court to consider such factors as the public interest served by relators' request. Compare State ex rel. Parker v. Lucas Cty. Job andFamily Serv., 176 Ohio App.3d 715, 2008-Ohio-3274 [Sixth Dist.], at ¶ 33, et seq. (attorney fees denied but statutory damages in the amount of $1,000.00 awarded after more than 100 days elapsed).
 {¶ 57} R.C. 149.43(C)(1) does not authorize courts to consider "reasonable, good faith efforts" or the public interest. Rather, R.C. 149.43(C)(1) clearly states that statutory damages serve as"compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusivelypresumed." (Emphasis added.)
 {¶ 58} Because respondents have not timely released all of the records requested from the Police Department, we must examine the amount of damages authorized by R.C. 149.43(C)(1). Respondents have failed to meet either criterion *Page 17 
for reducing the amount of statutory damages. That is, they have not demonstrated that a "well-informed public office or person" would reasonably believe that their refusal to make these records available: a) was consistent with "the ordinary application of statutory law and case law"; or b) would serve the underlying public policy.
 {¶ 59} Respondents wrongfully failed to promptly make available some of the records requested from the Police Department. The delay in the release of records has exceeded ten business days and respondents have not demonstrated any basis for mitigating the amount of statutory damages. The record in this action reflects that, although Michael Bardwell delivered both requests, the requests were made on behalf of Brian Bardwell. As a consequence, respondents must pay Brian Bardwell $1,000.00 as statutory damages for failing to promptly make certain Police Department records available.
 {¶ 60} With respect to the request for records addressed to the Law Department, the only possible basis for awarding statutory damages is respondents' originally having redacted date of birth, city of residence and zip code from personnel records regarding Bemer and O'Shea. R.C. 149.011(G) provides: "`Records' includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the *Page 18 organization, functions, policies, decisions, procedures, operations, orother activities of the office." (Emphasis added.) In State ex rel.Dispatch Printing Co. v. Johnson, 106 Ohio St.3d 160, 2005-Ohio-4384,833 N.E.2d 274, the Supreme Court held that state employee home addresses are generally not records under R.C. 149.011(G) and 149.43
because they do not "document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." Id. at ¶ 21, et seq.
 {¶ 61} In light of Dispatch Printing, we hold that respondents have demonstrated that a "well-informed public office or person" would reasonably believe that their refusal to make these records available: a) was consistent with "the ordinary application of statutory law and case law"; or b) would serve the underlying public policy. As a consequence, we deny statutory damages with respect to the request for records from the Law Department.
 {¶ 62} As noted above, when Michael delivered the requests, at each office reception staff asked him his name. Respondents do not refute these averments. These inquiries violate R.C. 149.43(B)(5) which requires that employees of a public office "may ask for the requester's identity, *** but may do so only after disclosing to the requester *** that the requester may decline to reveal the requester's identity ***." Although respondents argue that these inquiries were made as a "courtesy," the failure of the respective employees to inform Michael that he need not disclose his identity was clearly a violation of R.C. 149.43(B)(5). *Page 19 
 {¶ 63} Yet, R.C. 149.43(C)(1) authorizes the recovery of statutory damages as "compensation for injury arising from lost use of the requested information." (Emphasis added.) Relators have not demonstrated that the requests for Michael's identity resulted in "lost use" of the records requested. We hold, therefore, that the fact that reception staff asked Michael his name does not provide a basis for statutory damages.
 {¶ 64} Accordingly, we grant relators' motion for summary judgment in part and grant respondents' motion for summary judgment in part and enter the following judgment:
 {¶ 65} Relief in mandamus is granted to the following, limited extent: respondents shall forthwith make available to relators for inspection and copying in accordance with R.C. 149.43 a complete, unredacted (except for social security numbers) copy of the report and supplements/attachments for incident report 2008-0055. Respondents shall also pay Brian Bardwell $1,000.00 as statutory damages for failing to promptly make certain Police Department records available. All other requests for relief by relators are denied.
 {¶ 66} Respondents to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 {¶ 67} Writ granted in part and denied in part.
 PATRICIA A. BLACKMON, J., and LARRY A. JONES, J., CONCUR. *Page 1