[Cite as *Strothers v. Mayor of E. Cleveland*, 2011-Ohio-3694.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96147

---

## GERALD O. STROTHERS, JR.

RELATOR

vs.

## MAYOR OF EAST CLEVELAND, OHIO GARY NORTON, JR.

RESPONDENT

---

### JUDGMENT:
### WRIT DENIED;
### STATUTORY DAMAGES AWARDED

---

Writ of Mandamus
Motion No. 440450
Order No. 446174

**RELEASE DATE:**     July 26, 2011


**FOR RELATOR**

Gerald O. Strothers, Jr., pro se
14019 Northfield Avenue
East Cleveland, Ohio   44112


**ATTORNEY FOR RESPONDENT**

Ronald K. Riley
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio   44112


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Relator, Gerald O. Strothers, Jr., requests that this court compel respondent, Gary Norton, Jr., Mayor of East Cleveland ("the mayor"), "to provide access to review, inspect and copy 'at cost'" various records. Complaint, at 4.   Strothers also requests that this court award statutory damages for the delay in making the records available to him.   For the reasons stated below, we deny his request for relief in mandamus and enter judgment for statutory damages in the amount of $1,000.

**{¶ 2}** Strothers sent a letter to the mayor requesting records relating to the operation of the East Cleveland jail including: food service; laundry service; financial records; purchases of jail bedding; plumbing repairs; medical care and dispensing medications; extermination contracts; jail policy regarding various prisoner rights and treatment of prisoners; and state and county inspection reports. The letter was dated December 1, 2010. The certified mail return receipt indicates that it was received on December 2, 2010.

**{¶ 3}** Strothers filed the complaint in this action on December 9, 2010. On December 27, 2010, the mayor filed a "response" in which he argues that he had not been provided a reasonable opportunity to respond to the request for records when Strothers filed this action. Also on December 27, Strothers filed a motion for summary judgment.

**{¶ 4}** On April 13, 2011, this court ordered the parties to each file an inventory listing the category of records requested and whether and to what extent respondent had made the records available. Each party responded.

**{¶ 5}** In his inventory, Strothers attempts to expand the scope of this action to include records regarding East Cleveland's use of traffic cameras. He requested these records in a December 21, 2010 letter to the mayor and members of the city council. Although this letter is attached to his motion for summary judgment, Strothers has not moved to amend his complaint to

include this additional request for records, which occurred after the filing of this action on December 9, 2010. See Civ.R. 15. As a consequence, we hold that the scope of this action is limited to the request for records in the December 1, 2010 letter.

{¶ 6} Strothers acknowledges that he has received records. He contends, however, that he has not received all or the correct records. We note, however, that none of these representations is made in an affidavit or other material of evidentiary quality.

{¶ 7} By contrast, the mayor filed a "supplemental response," which is supported by the affidavit of Brenda L. Blanks, Executive Assistant/Paralegal to the city's law director. Blanks avers that she was responsible for responding to the request for records.

{¶ 8} In her affidavit, Blanks states that she mailed records to Strothers. The accompanying copy of a certified mail receipt reflects that, although the records were sent to the same address that Strothers used in filing this action, the item was returned "unclaimed." She also avers that, although she and the law director have invited Strothers by telephone and by letter to schedule an appointment to examine records, he has not done so.

{¶ 9} Blanks also refers to respondent's inventory of records made available to Strothers. The inventory accompanies the "supplemental

response" and reflects that records were transmitted to Strothers primarily on December 21, 2010 but also on January 13, 18 and 25, 2011.

{¶ 10} R.C. 149.43 establishes the standards for making public records available. "That statute specifies two primary means of providing access to public records: (1) making the records 'available for inspection to any person at all reasonable times during regular business hours' and (2) making 'copies of the requested record[s] available at cost and within a reasonable time.' R.C. 149.43(B)(1)." *State ex rel. Patton v. Rhodes*, __ Ohio St.3d __, 2011-Ohio-3093, __ N.E.2d __, at ¶15.

{¶ 11} As noted above, Blanks represents that the mayor has provided to Strothers either copies of the records he requested or the opportunity to inspect the records during regular business hours. She also avers that Strothers has not acted on the opportunities to inspect records and that copies of records that were mailed to him were returned "unclaimed." Strothers has not submitted any material of evidentiary quality to rebut the averments by Blanks.

{¶ 12} The evidence in the record in this action indicates that the mayor has made the records available to Strothers by providing him copies as well as the opportunity to inspect the records. We must conclude, therefore, that respondent has discharged his duty to make the records available to

Strothers. As a consequence, we deny the request for relief in mandamus as moot.

{¶ 13} Strothers has also requested that this court award statutory damages.

{¶ 14} "If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section."  R.C. 149.43(C)(1).

{¶ 15} Strothers contends that the mayor did not timely make the records available.  R.C. 149.43(B)(1) provides, in part: "a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time."

{¶ 16} The mayor received the request for records on December 2, 2010. Strothers filed this action on December 9.  The first delivery of records was on December 21.  Additional transmittals of records occurred on January 13, 18 and 25, 2011.  In a letter from the law director dated February 11, 2011,

Strothers was advised to contact Blanks "to arrange a day for any future visits to review, inspect and/or copy records." Blanks Affidavit, at 10.

{¶ 17} The record in this case, therefore, reflects that the mayor did not fully respond to the public records request by Strothers for at least seven weeks after receipt of the request and more than a month after Strothers commenced this action. Strothers contends that the mayor did not make the records available "within a reasonable period of time" as required by R.C. 149.43(B)(1).

{¶ 18} In *State ex rel. Bardwell v. Rocky River Police Dept.*, Cuyahoga App. No. 91022, 2009-Ohio-727, the relator hand-delivered a public records request on January 18, 2008. The respondents transmitted records between February 7 and March 28, 2008. We observed that 45 days (32 business days) elapsed between the filing of the action in mandamus and the transmittal of the last record. As a consequence, we entered judgment for the maximum amount of statutory damages — $1,000.

{¶ 19} "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory

damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section."   R.C. 149.43(C)(1).

{¶ 20} The mayor has not presented to this court any authority for delaying the release of the records for 12 to 47 calendar days after the filing of this action on December 9, 2010.  Clearly, some of the records were made available to Strothers more than ten calendar days after the filing of this action.  The language of R.C. 149.43(C)(1) is clear and *Bardwell* exemplifies that we must enter judgment for Strothers in the amount of $1,000 for statutory damages.[1]

{¶ 21} Accordingly, relator's motion for summary judgment for relief in mandamus to compel the mayor to make records available is denied. Judgment for Strothers in the amount of $1,000 statutory damages.

---

[1]   Additionally, we note that the complaint has various defects.   The action is not on relation of the state as required for an action in mandamus by R.C. 2731.04.  *State v. Grunden*, Cuyahoga App. No. 96114, 2011-Ohio-744.  Loc.App.R. 45(B)(1)(a) requires that a complaint in an original action be verified and supported by an affidavit specifying the details of the claims.  Strothers filed an affidavit that states, "the statements made in the Petition are proper and true."  "It is well-established that a relator's conclusory statement in an affidavit does not comply with the requirement of Loc.App.R. 45(B)(1)(a) that an affidavit specify the details of the claim.  Failure to do so is a basis for denying relief.  See, e.g., *State ex rel. Castro v. Corrigan,* Cuyahoga App. No. 96488, 2011-Ohio-1701."  *State ex rel. Wright v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 96397, 2011-Ohio-2159, at ¶4.

Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied; statutory damages awarded.*


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION)


MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 22} I agree that the city of East Cleveland has produced the records requested by Strothers for the reasons stated in the majority opinion and that the writ is properly denied. I disagree, however, with the majority's finding that the city did not produce those records within a reasonable period of time and consequently disagree with the majority decision to award statutory damages.

{¶ 23} The rote application of the 45-day standard applied in *State ex rel. Bardwell v. Rocky River Police Dept.*, 8th Dist. No. 91022, 2009-Ohio-727, is wholly contrary to the statutory directive that public records be turned over within a "reasonable" time. The concept of "reasonableness" under R.C. 149.43(B)(1) is elastic, not static, and at all events depends on the particular facts and circumstances of each case. In *Bardwell*, we concluded that 45

days to respond to a records request seeking certain police logs expense account records for a two-month period was too long.

**{¶ 24}** Strothers sought significantly more records covering a larger period of time in this case. He requested two years of records for contracts relating to food services at the city jail; contracts relating to laundry service; financial records paid to "outside contractors" including "bid requests, proposals and resumes of any winning and non-winning bidder(s)"; records documenting all purchases of jail bedding, pads and sheets; records of bid requests for jail "plumbing problems" including repairs made by in-house custodians and "all plumbing invoices minor or major"; records showing certification to provide medical care and dispensation of medications by jail personnel; records relating to contracts for extermination services, including "service calls from outside professional and non-professional exterminators"; jail policy pertaining to prisoner access to telephones, showers, exercise or recreation; inspection reports from state or county offices tasked with monitoring jail conditions; and jail policies relating to prisoner treatment, medical care, and discipline encompassing prisoner control by non-lethal means or confinement with handcuffs or chains.

**{¶ 25}** Any rational application of the reasonable time standard set forth in R.C. 149.43(B)(1) would show that the records request in this case was far more onerous than that made in *Bardwell*. Unlike the two-month time

period for which records were sought in *Bardwell*, Strothers sought, without time limitation, virtually every record documenting the operation of the East Cleveland jail. Indeed, Strothers himself acknowledged in the records request that "I realize that this is a large request of documents * * *." We might also acknowledge that Strothers made his records request toward the end of the year and approaching the Christmas and New Year holidays when it could reasonably be presumed that offices were understaffed. But despite acknowledging that he requested a large number of documents, Strothers filed this complaint in mandamus just eight days after the city received his request. These facts make Strothers less a good-faith victim of delay in producing public records and more an opportunist seeking to manipulate the statutory damages provisions of the public records law. Given the circumstances described, I would find that the city's production of all requested documents within 47 days was certainly accomplished within a reasonable period of time.